## FOWLER v. HOUSTON.

Cases in which ten per cent will be allowed under section 263 of the Code.

THIS was a complaint filed against the defendant, as the indorser of a promissory note. to which the defendant had

Fowler v. Houston.

put in an answer, denying that he had received any consideration for his indorsement. No affidavit of merits being filed, an inquest was taken at the Orange Circuit, in October, 1848. At the time of rendering the verdict,

*Fullerton*, for plaintiff, moved for an allowance of the ten per cent, under section 263 of the Code, on the ground that it was evident that the defendant had no defense, and had put in an answer solely for purposes of delay.

*Edmonds, J.*, said that it was evident that the whole purpose of the defendant had been not to obtain a determination of a disputed question, but to obtain delay. His purpose was answered, and when the cause was called he allowed judgment to be taken against him, without any resistance on his part. This was, in fact, using the forms of law for mischievous purposes, and converting that which was designed as a means of obtaining substantial justice into an engine of oppression. It was, in fact, a fraud upon the law, and surely is a case in which, if ever, the discretion of the court, under section 263 of the Code, ought to be exercised.

If there was a fair matter of dispute between the parties, a contest of doubt carried on in good faith, in order to obtain a decision of the court upon a difficult matter, there would be much less justice in inflicting upon the losing party the punishment of a percentage on the amount in controversy, than where a debt is honestly due, and a false defense put in, merely for the purpose of staving off the day of payment.

There is another consideration in favor of allowing the percentage in such cases. The amount of costs allowed by the Code is so small, that where the amount claimed is large, great temptation is held out to the debtor to put in an answer to obtain time. The penalty thereby attached to such conduct would, if it was limited merely to such costs, be altogether too trifling to deter any one from putting in false answers. This, in my district, New York, would soon swell to be an alarming evil, and encumber our calendars beyond the possibility of

reduction. Thus the evil would be allowed to augment itself; and it can, under the law as it now exists, be guarded against only by exercising the power conferred by the section in question.

I shall, therefore, be disposed, in all such cases, to award the percentage, believing that such will be the most beneficial application which can be made of the discretionary power conferred on the court by this provision of the Code.

Motion granted.